IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| METRIC CONSTRUCTION CO., | |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| PROFESSIONAL RAINGUTTER SERVICES, INC., et al., | **Case No. 1:06-CV-00125DAK** |
| **Defendants.** | **Judge Dale A. Kimball** |

This matter is before the court on Defendant Metal Building Components, Inc.'s (MBCI) motion to stay pending a decision by the United States Court of Federal Claims. A hearing on the motion was held on November 16, 2007. At the hearing, Plaintiff Metric Construction Co. (Metric) was represented by Steven D. Meacham and Defendant MBCI was represented by John P. Ball and David M. Bennion. The court took the matter under advisement. The court has carefully considered the memoranda and other materials submitted by the parties, as well as the law and facts relating to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

In March 1999, Metric contracted with the United States Army Corp of Engineers to

build the Deployable Medical Systems Warehouse (DMS Warehouse) at Hill Air Force Base, Utah. Pursuant to the contract, Metric installed a standing seam metal roof on the DMS Warehouse building. MBCI supplied the roofing materials for the metal roof. Following the roof's installation by a third-party subcontractor, the roof allegedly failed to expand and contract properly, causing leaks and subsequent damage to the roof. Because of these leaks the federal government required Metric to install a new roof over the existing roof.

On March 14, 2003, Metric filed suit against MBCI and various other defendants in the District Court of Utah, claiming damages resulting from the expenses it incurred in re-roofing the DMS Warehouse building. In May 2004, the involved parties signed a tolling agreement (Tolling Agreement) that tolled the statute of limitations in the district court case, and Metric voluntarily agreed to dismiss without prejudice its claims against MBCI for purposes that included pursuing its claims against the federal government in the Court of Claims. In June 2004, Metric filed a complaint against the federal government in the Court of Claims, asserting that because the government's contract drawings for construction of the DMS Warehouse misrepresented the roof loads, the roof ultimately failed and this failure resulted in damages to Metric in the amount of $2,100,340.00. The Court of Claims trial occurred in March 2007. In September 2007, the parties completed all post-trial briefing in the case. The parties presently are awaiting a decision.

In October 2006, Metric refiled its case against MBCI in the District Court of Utah, seeking damages, as in the Court of Claims case, for costs Metric incurred to repair the DMS Warehouse roof. In August 2007, Metric contacted MBCI about convening a discovery scheduling conference. But no discovery has occurred in the district court case and no discovery

plan has been filed with the court.

## DISCUSSION

MBCI asks this court to stay the instant Utah District Court proceeding until the United States Court of Federal Claims issues its decision.   MBCI asserts that staying the district court proceeding best serves the interests of judicial economy and conservation of the court's and the parties' resources because in both court cases Metric seeks damages for costs incurred for repairing the roof and therefore, to avoid double recovery, an award of damages in the Court of Claims case will either moot Metric's case against MBCI in district court or will offset Metric's claim for damages against MBCI in district court.  MBCI argues that a stay will cause little or no prejudice to Metric and that MBCI will suffer hardship and inequity if the stay is denied.

"It is well settled that the district court has the power to stay proceedings pending before it and to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).   Hence, "[t]he granting of the stay ordinarily lies within the discretion of the district court," *id.*, and in exercising its judgment the court "must weigh competing interests and maintain an even balance," *Landis*, 299 U.S. at 254-55.

Nonetheless, "where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983).  "Thus, even when the relief sought is only a stay of the case in which the motion is made, 'the supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which

he prays will work damage to some one else.'" *Id.* (quoting *Landis*, 299 U.S. at 255).

MBCI first claims that while Metric will suffer little or no prejudice if the proceeding is stayed, MBCI will, in contrast, endure hardship and inequity if this court declines the request to stay.  MBCI argues that Metric's previous decision to delay the case--for reasons including pursuing its claims against the federal government--by entering into the Tolling Agreement demonstrates that Metric will suffer little or no prejudice if the motion to stay is granted.  MBCI asserts that Metric's decision to enter into the Tolling Agreement only makes sense if Metric intended to await the Court of Claims case before proceeding with the district court case. Additionally, MBCI suggests that because Metric has already "waded through" three years of litigation, Metric will not suffer any significant disadvantage by waiting a short time longer to find out if its claims against the federal government are successful.

In contrast, MBCI argues that a denial of a stay would cause certain hardship and inequity to MBCI because, absent a stay, MBCI will expend resources and efforts that may end up being completely unnecessary if Metric recovers damages in its Court of Claims case.  MBCI also contends that without a stay, MBCI will suffer the unnecessary hardship of litigating a matter for which there is no determined settlement value due to the pending Court of Claims case.

Second, MBCI avers that proceeding in the Utah District Court case while the Court of Claims decision is pending is contrary to the interests of judicial economy, efficiency, and conservation of resources because if Metric prevails and obtains a damages award in the Court of Claims case, any such reward will either moot Metric's claims against MBCI in district court or will offset any damages claimed against MBCI in district court, thus possibly rendering the district court's and the parties' expended time and resources a complete waste.

4

In response, Metric claims that there is indeed a fair possibility that it will suffer harm if the instant action is stayed and that MBCI has failed to make the requisite "strong showing" that it will suffer significant hardship or inequity if the matter proceeds in district court. *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). Metric contends that the harm it is fairly possible to suffer if the instant action is delayed is two fold.  First, Metric maintains that because of the time that has since elapsed since the completion of the roof, documents could be lost as a result of document retention/destruction procedures if Metric is not permitted to conduct discovery.  Although Metric acknowledges that the parties to the litigation are on notice of their affirmative obligation to retain discoverable evidence, Metric notes that non-parties have no such legal duty.  Second, Metric claims that further discovery delays may hinder its ability to locate witnesses and may diminish witnesses' recollection of facts.

Metric further contends that MBCI has failed to demonstrate the requisite showing of hardship or inequity to justify a stay because limited discovery does not impose a substantial burden on MBCI but rather a "[m]ere inconvenience" and because MBCI has thwarted Metric's prior efforts to move litigation forward by deciding to file the current motion to stay rather than participating in the scheduling conference the parties initially agreed to.

MBCI disputes Metric's contention that MBCI has thwarted Metric's efforts to move the litigation forward, highlighting Metric's voluntary dismissal of its first lawsuit against MBCI and Metric's entrance into the Tolling Agreement, as well as Metric's failure to take any meaningful action on the case, such as contacting MBCI about convening a scheduling conference, until approximately ten months after refiling the action against MBCI.  MBCI also maintains that after

Metric contacted MBCI about convening a scheduling conference, the parties corresponded for several weeks about the conference before MBCI learned that the post-trial briefing in the Court of Claims case was nearly complete and decided to request a stay pending the Court of Claims decision.

This court concludes that the prejudice Metric claims it will suffer if it is not allowed to immediately move the litigation forward is undermined by the fact that Metric made a strategic decision to hold off on pursuing its district court claims against MBCI for over three years and apparently did not contact MBCI about convening a scheduling conference until approximately ten months after refiling its district court claims. Additionally, Metric's claims of resulting prejudice are somewhat generalized and speculative--i.e., "documents could be lost" and the ability to locate witnesses and witnesses' recollection of facts "may diminish"--and, again, are undercut by the fact that Metric has waited over three years to decide that these concerns are significant enough to require immediate action.

In contrast, MBCI will certainly endure defense costs if the stay is not granted, costs that may indeed be wasteful if the Court of Claims awards Metric full damages. Likewise, as MBCI points out, litigation may be unnecessarily prolonged and costs unnecessarily incurred because settlement values cannot be accurately determined until the Court of Claims issues its decision.

Accordingly, in exercising its discretion to weigh the parties' competing interests and to consider the "'[the] economy of time and effort for itself, for counsel, and for [the] litigants,'" *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)), this court grants MBCI's motion to stay for a limited duration. To avoid an extended delay, if the Court of Claims decision is long in coming, this court limits MBCI's

requested stay until April 30, 2008.

## CONCLUSION

MBCI's motion to stay is GRANTED until April 30, 2008.

DATED this 19th day of November, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge